IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

TAMMY R. DAVIS,

             Plaintiff,

    v.

SUPERVALU, INC., d/b/a ACME
MARKETS and JOHN DOES 1-5,

             Defendants.

---

HON. JEROME B. SIMANDLE

Civil No. 13-414(JBS/JS)

**OPINION**

APPEARANCES:

Robert J. Hensler, Esq.
ROBERT HENSLER, LLC
601 Haddon Avenue
Collingswood, NJ 08108
    Attorney for Plaintiff Tammy R. Davis

Andrew John Shapren, Esq.
BUCHANAN, INGERSOLL & ROONEY, PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-255
    Attorney for Defendant Supervalu, Inc., d/b/a Acme Markets

**SIMANDLE**, Chief Judge:

## I.  INTRODUCTION

This matter is before the Court on Defendant Supervalu's Motion to Dismiss Counts II and III of Plaintiff Tammy R. Davis's complaint. [Docket Item 4.]  The instant action arises out of Plaintiff's discharge from employment with Defendant Supervalu. Count II alleges a statutory retaliation claim pursuant the New Jersey Law Against Discrimination, N.J.S.A. 10:5-10, et seq. ("NJLAD"), and the New Jersey Conscientious Employee Protection

Act, N.J.S.A. 34:19-1, et seq. ("CEPA").  Count III alleges a common law wrongful discharge claim.[1]

For the reasons discussed herein, the court will grant Defendant Supervalu's motion to dismiss.  Count II will be dismissed with prejudice because any amendment would be futile since filing a worker's compensation claim is not protected activity under the NJLAD or CEPA.  However, the court will dismiss Count III without prejudice to the Plaintiff filing a motion to amend as the Plaintiff may be able to allege sufficient facts to state a viable wrongful discharge claim.

## II.  BACKGROUND

The instant action arises out of Plaintiff's employment with Defendant Supervalu, Inc., d/b/a Acme Markets ("Defendant Supervalu") and subsequent termination.

Plaintiff, a 46 year old woman, worked for Defendant Supervalu for over 20 years.  (Compl. ¶¶ 1, 3, 5.)  Defendant employed the Plaintiff as a cashier at the Burlington Acme Market since approximately 1990.  Plaintiff had never been accused of any improper behavior and up until her termination, had consistently received satisfactory performance reviews.  (Id. at ¶ 6.)

At some time in the beginning of 2011, Plaintiff filed a

---

[1] Count I, alleging age discrimination in violation of the NJLAD, is not at issue in this motion.

worker's compensation claim against Defendant Supervalu. Plaintiff alleges she pursued this worker's compensation claim approximately a year prior to her termination.  (Id. at ¶ 16.)

Also in or about 2011, the store became equipped with new computerized cash registers.  During the training process, and while cashiers were becoming familiar with the new equipment, transactions were slower and, occasionally, errors were made as employees became accustomed to the new equipment.  (Id. at ¶ 7.)

On or about January 6, 2012, the Plaintiff was notified by Store Director, Tim Kavanaugh, that she was suspended as the result of an incident which occurred on or about December 30, 2011. (Id. at ¶ 8.)  Kavanaugh claimed that the Plaintiff was suspended for allegedly failing to record sales properly.  (Id. at ¶ 9.)

On January 10, 2012, Plaintiff was terminated.  (Id. at ¶ 10.)  On January 17, 2012, a meeting was held to discuss her termination.  (Id. at ¶ 11.)  On January 25, 2012, the Acme Association Relations Manager for Acme Markets, in West Bridgewater, Massachusetts, sent Plaintiff a letter regarding the outcome of the meeting.  The letter stated, "Your employment with Acme Markets, Inc. has been terminated due to your violation of Company Policy."  (Id. at ¶ 11.)

Plaintiff was then replaced by a younger person making a significantly lower hourly rate, and with significantly less

seniority and benefits.  (Id. at ¶ 14.)  As a direct and proximate result of her suspension, and termination, Plaintiff has sustained and continues to sustain significant damages, both economic and non-economic.  (Id. at ¶ 15.)

Plaintiff filed the instant action against Defendant Supervalu on December 10, 2012, in the Superior Court of New Jersey, Law Division, Burlington County.  [Docket Item 1.] Defendant then removed this action on the basis of diversity jurisdiction as Plaintiff is a citizen of New Jersey and Defendant is a corporation with its principle place of business in Minnesota and incorporated under the laws of Delaware. [Docket Item 1.]

Plaintiff brings three claims against Defendant Supervalu arising from her discharge from employment.  Count One alleges age discrimination in violation of the NJLAD.  Count Two alleges retaliation for having a filed a workers' compensation claim in violation of CEPA and the NJLAD.  Count Three alleges a common law wrongful discharge in violation of public policy.

Defendant Supervalu now moves to dismiss Counts Two and Three of Plaintiff's complaint.  Defendant argues that Plaintiff's statutory retaliation claims are based on Plaintiff's alleged filing of a workers' compensation claim and this is not protected activity under either the NJLAD or CEPA.  Consequently, the Plaintiff has failed to state a retaliation claim under these

statutes.  To the extent Plaintiff's wrongful discharge claim is based on alleged discrimination, Defendant argues this claim is preempted by the NJLAD.  To the extent Plaintiff argues retaliation as the basis for her wrongful discharge claim, Defendant maintains that the Plaintiff has not alleged sufficient facts to establish causation.  Therefore, Defendant argues that its motion to dismiss should be granted.

Plaintiff filed opposition to Defendant's motion.  Plaintiff primarily argues that her complaint does sufficiently state a claim for relief under the NJLAD and CEPA.  Plaintiff further argues she has pled a sufficient causal nexus between the filing of her worker's compensation claim and her termination.  Plaintiff maintains this motion to dismiss is premature as the parties have not had their initial conference yet or conducted discovery.  Alternatively, Plaintiff argues that any dismissal be without prejudice to leave to amend.[2]

---

[2] Plaintiff's opposition is largely unresponsive to Defendant's motion to dismiss.  Plaintiff does not address any of the case law put forth by the Defendant and instead baselessly concludes that filing a worker's compensation claim is protected activity under the NJLAD and CEPA without citing any authority.  Plaintiff devotes an entire section of her brief to arguing that she has sufficiently pled an NJLAD age discrimination claim in Count I when Count I is not the subject of Defendant's motion to dismiss.  Plaintiff fails to respond to Defendant's argument that the NJLAD preempts her common law discharge claim for discrimination.  Further, the opposition brief refers twice to "Plaintiff Lisa Schwinge" who is not a named party to this action.
     It appears that Plaintiff's counsel reused a brief from a previous case and did not take the time or care to address the

For the reasons discussed below, Defendant's motion will be granted.

## III.  DISCUSSION

### A.  Standard of Review

Under Fed. R. Civ. P. 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations that are no more than legal conclusions are not entitled to the same assumption of truth. Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012).  To determine if a complaint meets the pleading standard, the Court must strip away conclusory statements and "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give

---

specific issues raised by the Defendant in this motion or to proofread the brief.  This is unacceptable conduct.

6

rise to an entitlement to relief." Id. (internal quotation marks omitted).

### B. Count II - Retaliation under the NJLAD and CEPA

Plaintiff alleges that approximately one year prior to her termination she pursued a worker's compensation claim against the Defendant. (Am. Compl. ¶ 16.)  In Count II, Plaintiff alleges that she was terminated in retaliation for pursuing this worker's compensation claim and this violates CEPA and the NJLAD. (Id. at ¶ 18.)  The Court will address the CEPA retaliation claim and the NJLAD retaliation claim separately below.

#### 1. Retaliation under CEPA

New Jersey's Conscientious Employee Protection Act ("CEPA") provides "broad protections against employer retaliation for workers whose whistle-blowing actions benefit the health, safety and welfare of the public." Feldman v. Hunterdon Radiological Associates, 901 A.2d 322 (N.J. 2006) (internal quotations and citations omitted).

CEPA requires a plaintiff to prove four elements for a successful claim: (1) that the plaintiff reasonably believed that the employer's conduct violated a law or regulation; (2) that the plaintiff performed "whistle-blowing activity" as defined in CEPA; (3) that an adverse employment action has been taken against him or her; and (4) that the whistle-blowing activity

7

caused such adverse employment action.  <u>Ivan v. County of</u>
<u>Middlesex</u>, 595 F. Supp. 2d 425, 468 (D.N.J. 2009) (citation
omitted).  The statute defines the protected activities as being,
among other things, when an employee:

> a. discloses, or threatens to disclose to a supervisor or
> to a public body an activity, policy or practice of the
> employer . . . that the employee reasonably believes . .
> . (1) is in violation of a law; . . . or c. Objects to,
> or refuses to participate in any activity, policy or
> practice which the employee reasonably believes (1) is in
> violation of a law . . . or (3) is incompatible with a
> clear mandate of public policy concerning the public
> health, safety or welfare or protection of the
> environment.

N.J.S.A. 34:19-3.  In order to be considered protected activity
under CEPA, "the complained of activity must have public
ramifications, and . . . the dispute between employer and
employee must be more than a private disagreement."  <u>Maw v.</u>
<u>Advanced Clinical Commc'ns, Inc.</u>, 179 N.J. 439, 445 (2004).

Filing a worker's compensation claim is not considered
protected activity under CEPA pursuant to N.J.S.A. 34:19-3.  It
does not involve conduct by the employer which is unlawful or
incompatible with public policy.  Rather, it involves a claim for
benefits and compensation for an on-the-job injury which is more
akin to a private dispute than an attempt to publicly expose
unlawful conduct by an employer.  Consequently, merely pursuing a
worker's compensation claim is not whistleblowing activity and
does not trigger the statutory protections of CEPA.  <u>See</u> <u>Hester</u>
<u>v. Parker</u>, 2011 WL 1404886, at *7 (N.J. Super. A.D. April 14,

8

2011)("the simple filing of a complaint seeking back wages or a
workers' compensation claim cannot be considered a 'whistle-
blowing activity'" under CEPA).

In this case, Plaintiff's CEPA retaliation claim is based
entirely on the filing of her worker's compensation claim.  This
is insufficient to establish that Plaintiff engaged in protected
activity under CEPA.  Therefore, Defendant's motion to dismiss
will be granted.  Since the mere filing of a worker's
compensation claim is legally insufficient to state a retaliation
claim under CEPA, amendment would be futile and this dismissal
will be with prejudice.

### 2.  Retaliation under the NJLAD

Similarly, Plaintiff's retaliation claim under the NJLAD is
based entirely on her pursuit of a worker's compensation claim
approximately a year prior to her termination.

A plaintiff must allege three elements in order to establish
a prima facie case of retaliation in violation of the NJLAD,
namely: (1) the employee engaged in a protected activity; (2) the
employee was subjected to an adverse employment action; (3) there
is a causal connection between the protected activity and the
adverse employment action.  Woods-Pirozzi v. Nabisco Foods, 290
N.J. Super. 252, 274 (App. Div. 1996).  "The first prong and the
central element of a retaliatory discharge claim under LAD is
that the plaintiff be engaged in a protected activity which is

9

known by the alleged retaliator." <u>Young v. Hobart West Group</u>, 385 N.J. Super. 448, 465 (App. Div. 2005).

A person engages in protected activity for purposes of the NJLAD "when that person opposes any practice rendered unlawful under the NJLAD." <u>Id.</u>  The NJLAD prohibits unlawful discrimination against an individual with respect to terms and conditions of employment because of various traits and characteristics, including, but not limited to, race, religion, age, sex and disability.  N.J.S.A. 10:5-12(a).

The filing of a worker's compensation claim, without more, is insufficient to trigger the protections of the NJLAD.  As discussed above, filing a worker's compensation claim involves the pursuit of benefits or wages by the employee.  It does not involve an employee opposing a discriminatory employment practice.  Consequently, the pursuit of a worker's compensation claim is not protected activity under the NJLAD and is insufficient to establish a retaliation claim under the NJLAD.

Therefore, the Plaintiff has failed to state a claim for retaliation under the NJLAD and Defendant's motion to dismiss as to Count II will be granted.  Since Plaintiff's retaliation claim is based solely on her filing a worker's compensation claim a year prior to her termination, and this is legally insufficient to constitute protected activity, amendment would be futile and this dismissal will be with prejudice.

10

### C.  Count III - Wrongful Discharge

In Count III, Plaintiff alleges a common law wrongful discharge claim in violation of public policy.  Plaintiff incorporates her allegations of discrimination and also alleges she was terminated in retaliation for filing her worker's compensation claim a year prior to her discharge.

To the extent Plaintiff claims her discharge violated public policy because she was discriminated against by the Defendant, this claim is preempted by the NJLAD.  Under New Jersey law, a "common law claim for wrongful termination is not viable insofar as it seeks the same remedy available under the NJLAD." Kapossy v. McGraw-Hill, Inc., 921 F. Supp. 234, 249, 678-79 (D.N.J. 1994).  New Jersey courts have held that "the New Jersey legislature, by providing a remedy in the NJLAD, intended to preempt any public policy cause of action based on the same facts which support the discrimination claim." Id. (citing Catalene v. Gilian Instrument Corp., 271 N.J. Super. 479, 491-92 (App. Div. 1994)).

Consequently, Plaintiff's common law wrongful discharge claim alleging she was terminated because of discrimination in violation of public policy is preempted by the NJLAD and this aspect of Plaintiff's claim will be dismissed with prejudice.

Plaintiff also alleges that she was discharged in violation of public policy because she was terminated in retaliation for

11

filing a worker's compensation claim.  The New Jersey Supreme
Court has recognized a common law wrongful discharge claim based
upon alleged retaliation for having pursued a workers'
compensation claim.  Lally v. Copygraphics, 85 N.J. 668 (1981).
In order to state a prima facie case for retaliatory discharge,
an employee must allege that: (1) he or she attempted to make a
claim for workers' compensation benefits; and (2) he or she was
discharged for making that claim.  Id.; Morris v. Siemes
Components, 928 F. Supp. 486, 493 (D.N.J. 1996).  A plaintiff
must allege facts to establish a causal connection between the
adverse employment action and the filing of the workers'
compensation claim in order to state a claim for retaliation.
Morris, 928 F. Supp. at 493.

     In analyzing a retaliatory discharge claim under New Jersey
law, "courts look to correlative federal law to supply the
relevant standards for evaluating the claim."  Id. (citing Abrams
v. Lightolier, Inc., 50 F.3d 1204, 1212 (3d Cir. 1995)).  Federal
courts have held that in order to establish causation, a
plaintiff usually must allege either "(1) an unusually suggestive
temporal proximity between the protected activity and the
allegedly retaliatory action, or (2) a pattern of antagonism
coupled with timing to establish a causal link."  Lauren W. ex
rel. Jean W. v. DeFlaminis, 480 F.3d 259, 297 (3d Cir.
2007)(citing Krouse v. American Sterilizer Co., 126 F.3d 494,

12

503-04 (3d Cir. 1997) and <u>Woodson v. Scott Paper Co.</u>, 109 F.3d 913, 920-21 (3d Cir. 1997)).  "In the absence of that proof the plaintiff must show that from the evidence gleaned from the record as a whole the trier of fact should infer causation."  <u>Id.</u>

The court is mindful that this argument is before the court on a motion to dismiss and not a motion for summary judgment. The parties have not had the opportunity to conduct discovery or establish a record.  However, the Plaintiff must allege some factual basis to support her claim that she was discharged in retaliation for filing a worker's compensation claim.  The Plaintiff cannot survive a motion to dismiss by alleging in a conclusory fashion causation without any facts to support the plausibility of this requisite element of her cause of action. The Plaintiff is required to allege sufficient facts to show that her retaliation claim is plausible on its face.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678.

In this case, the Plaintiff alleges that approximately one year passed between the filing of her worker's compensation claim and her termination.  This is insufficient to infer causation. An interval of a year between the filing of her claim and her termination is not unduly suggestive and too attenuated

13

temporally to establish causation.  See Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 760 (3d Cir. 2004)(surveying previous Third Circuit case law and finding a period of two months between the protected activity and the adverse employment action not unduly suggestive and insufficient to establish causation without other evidence).

Plaintiff argues in opposition that she alleges she worked for the Defendant for more than twenty years and consequently, her termination approximately a year after she filed her worker's compensation claim combined with her years of service is sufficient to establish causation.  The Plaintiff cites no case law for this proposition and the court finds this argument unpersuasive.

Years of service, without more, is insufficient to establish causation.  An employee's length of service alone is not probative of whether the employer terminated the employee in retaliation for her pursuit of a workers' compensation claim twelve months prior to the discharge.  Taking the facts alleged in the Complaint as true and viewing them as a whole, the Court cannot reasonably infer that Defendant Supervalu terminated the Plaintiff because she filed a worker's compensation claim. Plaintiff alleges that she continued to receive positive performance reviews for the year after she filed her worker's compensation claim.  (Compl. ¶ 7.)  Plaintiff does not allege

14

that she received any unfavorable treatment in the interim period between the filing of her claim and her termination.  Plaintiff alleges the reason she was discharged from her employment was because she failed to record sales properly and violated company policy.  (Compl. ¶¶ 9, 11.)  Plaintiff provides no allegation showing that these reasons were pretextual and the Complaint contains no facts from which to infer the Defendant ultimately terminated Plaintiff because she filed a worker's compensation claim the prior year.

Therefore, Defendant's motion to dismiss Count III of Plaintiff's complaint will be granted.  However, this dismissal is without prejudice to Plaintiff filing a motion to amend the complaint to allege a plausible factual basis for this claim.

**IV.  CONCLUSION**

For the reasons discussed herein, the Defendant's motion to dismiss Counts II and III of Plaintiff's complaint will be granted.  The dismissal of Count II will be dismissed with prejudice as any amendment would be futile.  To the extent Count III alleges wrongful discharge because of discrimination, this claim is dismissed with prejudice as it is preempted by the NJLAD.  To the extent Count III alleges wrongful discharge in retaliation for filing a worker's compensation claim, this claim will be dismissed without prejudice to Plaintiff filing a motion to amend.

The accompanying Order will be entered.


**April 18, 2013**                          **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            Chief U.S. District Judge

16